CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
NOV 20 2008
JOHN F. CORCORAN, CLERK
BY: /s/ M. Hupp
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN MICHAEL SINGLETON,<br>Plaintiff, | ) ) ) | Civil Action No. 7:08-cv-00349 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| J. CHEEKS,<br>Defendant. | ) ) ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff John Michael Singleton, a Virginia inmate proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. §1343. Singleton alleges that his constitutional rights were violated by defendant Cheeks, a food staff supervisor at a Virginia prison. Singleton seeks compensatory damages of $150,000. This matter is presently before me on Cheeks' motion for summary judgment. For the reasons set forth below, I grant Cheeks' motion for summary judgment and dismiss Singleton's complaint.

I.

Singleton received special prison food during the 2007 Ramadan holiday while an inmate at Virginia's Halifax Correctional Facility (Halifax). The evening Ramadan meal usually included beans, which were dried beans cooked in advance and in sufficient amounts to serve prisoners for two days. (Def. Aff. at 2.)

Cheeks was a Food Operations Manager at Halifax in September 2007, and she supervised an inmate worker. In mid-September 2007, Cheeks and the inmate worker prepared the Ramadan food for service. Cheeks removed the beans from the refrigerator and told the inmate worker to place the pot on the stove to heat the beans. Cheeks moved to another area of the kitchen to complete other meal preparation duties before returning to the area to check on the beans. When she looked at the beans, she noticed that there were not enough beans in the pot to

serve all the inmates for the evening Ramadan meal. Cheeks asked the inmate worker what happened to the beans, and he replied that he took as many beans as he needed and discarded the remainder in the trash. Cheeks told the worker that he should have first prepared the trays and then discarded the extra beans. Cheeks looked into the trash can, which had a new liner in it, and saw the beans with nothing else in the liner.

Singleton argues that the inmate worker told him that Cheeks directly ordered the inmate worker to take the beans out of the newly lined trash can and mix it with food being prepared on the stove. Singleton alleges that he ate some of the discarded beans that were served in his meal.

However, Cheeks states that the worker offered several times to get the beans out of the trash to which Cheeks replied, "No." Cheeks told the worker to add water to the beans in the pot to create enough volume so there would be sufficient amounts of beans to serve the inmates that evening. The worker again offered to get some of the beans out of the trash so that there would be enough beans to serve, to which Cheeks replied, "Alright." Cheeks then left the area to finish preparation of the Ramadan dinner trays and snack bags. Cheeks did not see the worker remove beans from the trash can nor did she see him add water to the beans; however, Cheeks "noticed that the beans on the tray looked thinner than they were in the pot." Id. at 3.

Singleton exhausted his administrative grievances and filed suit. Singleton originally named administrative units of the Commonwealth of Virginia as defendants. The case was conditionally filed, and Singleton subsequently substituted Cheeks as the sold defendant. Singleton alleges that "by committing these actions, [Cheeks] displayed deliberate indifference with this unsanitary act, towards me, while being in an authoritative position with the Virginia Department of Corrections." (Pl. Mot. to Amend at 4.) Singleton claims he is entitled to a

$150,000 monetary award for the alleged violation of his constitutional rights without naming the violated constitutional right nor describing any injuries.

II.

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Upon motion for summary judgment, I must view the facts and the inferences drawn from those facts in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Federal Rule of Civil Procedure 56(c) mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Singleton filed a letter from the inmate worker with his complaint. The requirements for unsworn testimony for Federal of Civil Procedure 56(e) affidavits are: (1) the words "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct;" (2) the date; and (3) the declarant's signature. 28 U.S.C. § 1746. The letter was dated and signed but did not contain the declaration. Therefore, I will not rely on the substance of the letter.[1]

Although I liberally construe pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), I do not act as the inmate's advocate, sua sponte developing statutory and

---

[1] Even if the substance of the letter was presented in appropriate form, it does not rise to the level of a constitutional claim as explained herein, as Singleton alleges no injury from the fact that the beans were temporarily placed in a new trash can liner inside a trash can before being served.

3

constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring) (stating district court not obligated to sua sponte raise and address any and every claim that might arguably be presented by the facts as presented); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) ("[Gordon] does not require [district] courts to conjure up questions never squarely presented to them. District judges are not mind readers. Even in the case of pro se litigants, they cannot be expected to construct full blown claims from sentence fragments[.]").

III.

The federal statute governing suits by prisoners states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Singleton does not allege that he suffered any type of physical injury as a result of Cheeks' alleged conduct.

Furthermore, despite being given the opportunity to amend his complaint, Singleton does not describe any constitutional right he claims was violated, and I am not obligated to conjure up questions that were never squarely presented to me. However, to the extent Singleton's use of the phrase "deliberate indifference" might implicate an Eighth Amendment constitutional right to be free from cruel and unusual punishment, Singleton cannot succeed on his § 1983 suit. The Eighth Amendment expressly prohibits the infliction of cruel and unusual punishment and protects inmates from inhumane treatment and conditions while imprisoned. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir.1996); see Wilson v. Seiter, 501 U.S. 294, 298 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976). To succeed on an Eighth Amendment claim for

4

cruel and unusual punishment, an inmate must prove that the deprivation of a basic human need was objectively and sufficiently serious and jail officials subjectively acted with a "sufficiently culpable state of mind." Wilson, 501 U.S. at 298; Williams, 77 F.3d at 761. In order to demonstrate such an extreme deprivation, a prisoner "must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993). Singleton does not allege that he was deprived of a basic human need, and as previously noted, Singleton fails to allege any injury. Even if Singleton's allegations that he was fed beans that had been temporarily placed in a new trash can liner, in the absence of only allegations of injury, Singleton's allegations do not state a constitutional claim. Accordingly, the I grant the Cheeks' motion for summary judgment, and dismiss Singleton's complaint.

IV.

For the foregoing reasons, I grant Cheeks' motion for summary judgment, dismiss Singleton's complaint, and remove the case from my active docket.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff and counsel of record for the defendant.

ENTER: This 20th day of November, 2008.

Senior United States District Judge